IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| TAMMY KNIELING,<br><br>      Plaintiff,<br><br>VS.<br><br>DON FUNG FOOK and WILLIAM J. POSTON,<br><br>      Defendants. | CIVIL NO. 2022-36 |

**MEMORANDUM OPINION and ORDER**

This matter is before the Court on defendants Don Fung Fook and William Poston's motion for a new trial or a modification of the judgment entered on July 29, 2024. [ECF 161]. Plaintiff Tammy Knieling opposes the motion. [ECF 169]. Defendants did not file a reply and the time for doing so has elapsed.[1]

**I.  BACKGROUND[2]**

This maritime action arises out of plaintiff's injury while working as a chef and mate on the vessel Somewhere Hot. *See generally* [ECF 43]. Defendant Poston is the owner of Somewhere Hot and at the time of the events underlying plaintiff's claims, defendant Fook was the captain of the vessel. [ECF 154] at 2–3. On July 3, 2021, while exiting the mooring field at Honeymoon Bay on Water Island, Fook asked plaintiff to let out the dinghy line, and when she did so, her left hand became entangled between the line and the cleat, and she was injured. *Id.* at 3–4.

---

[1] On April 26, 2023, upon the parties' consent, the District Court referred this matter to the undersigned for all purposes. [ECF 40]. The matter was tried before the Court on June 3–6, 2024. On July 29, 2024, the Court issued a Memorandum Opinion setting forth facts found and conclusions of law. [ECF 154]. Among other things, the Court entered judgment in favor of plaintiff on her Jones Act negligence claim and awarded her damages. [ECF 155].

[2] Only the facts necessary to resolve this motion shall be set forth here. These facts are those the Court found following the trial.

*Knieling v. Fook et al.*
Civil No. 2022-36
Page 2

Following a bench trial, the Court found for plaintiff on her Jones Act negligence claim. Defendants now challenge that judgment, contending it is "predicated on an error of fact," that plaintiff is "exclusively liable for her injuries," and that the Court's decision was based on "unreliable and inadmissible expert testimony." [ECF 161] at 2. They seek a new trial, or a modified judgment, under Federal Rule of Civil Procedure 59. *Id.* at 3. Plaintiff argues that defendants do not meet the standard for Rule 59 relief. [ECF 169].

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 59 provides as follows:

> **(a) In General.**
>
> **(1) *Grounds for New Trial.*** The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
>
> **(A)** after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
>
> **(B)** after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
>
> **(2) *Further Action After a Nonjury Trial.*** After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

FED. R. CIV. P. 59(a). A motion for a new trial or to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. *Id.* at (b), (e).

Rule 59 motions "may only be used to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Fed. Trade Comm'n v. Am. Future Sys., Inc.*, 2024 WL 2958948, at *1 (E.D. Pa. June 11, 2024) (quoting *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). To succeed on a Rule 59 motion, the movant must show "(1)

*Knieling v. Fook et al.*
Civil No. 2022-36
Page 3

an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Id.* at *2 (quoting *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013)). Further,

> a motion to alter judgment should only address "factual and legal matters that the Court may have overlooked." It is improper that such a motion ask the court to "rethink what it had already thought through—rightly or wrongly." A motion to alter judgment is not a tool to present new legal theories or arguments that could have been asserted to support the first motion. Furthermore, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly,' and only when dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." It should not give a party a "second bite at the apple."

*Id.* (citations omitted).

### III.     DISCUSSION

Defendants seek a new trial or a modification of the Court's judgment for three reasons. First, they claim the Court erred in finding as a fact that the vessel was "exiting the mooring field" when the captain told plaintiff to let out the dinghy line, because the captain testified that he gave that direction "when the vessel was still in the mooring field." [ECF 161] at 3–4. For purposes of the Court's ultimate conclusion that negligence was present due to the speed of the vessel at the time the instruction was given and injury occurred, the wording of the Court's facts expresses absolutely nothing different from what defendants urge. In other words, from the Court's perspective, "exiting the mooring field" and still being "in the mooring field" are exactly the same. The important fact is that the boat was moving at the time of the maneuver that resulted in the injury. The Court finds it made no error of fact, let alone one that warrants modification of the judgment, or a new trial.

Defendants next urge that the Court erred in not finding that plaintiff was exclusively at fault for causing her injury, because plaintiff failed to follow the captain's orders regarding letting out the dinghy line. [ECF 162] at 16–20. As the Court observed in its opinion, contributory negligence is not a bar to Jones Act recovery, and is an affirmative defense, subject to proof. [ECF 154] at 14. On the evidence presented, the Court then found that defendants had not proved that plaintiff was negligent or that delay on her part in executing the task contributed to the injury. *Id.* at 18. The defendants here have not established any error on this point that would justify a contrary finding or a new trial.

Finally, defendants challenge the testimony of plaintiff's expert because he did not listen to the testimony adduced at trial. [ECF 162] at 20. They suggest it was thus "unfair" for the Court to rely on his testimony. *Id*. Defendants do not explain how these circumstances justify a new trial or an altered judgement under the applicable standards. Further, the expert was subject to cross-examination at trial. Defendants have shown no reason to upset the judgment based upon plaintiff's expert's testimony.

## IV.   CONCLUSION

Accordingly, the Court finds that defendants have presented no persuasive basis to justify a new trial or a modification of the judgment pursuant to Rule 59. As they have failed to meet the requirements for Rule 59 relief, it is ORDERED that defendants' motion [ECF 161] is DENIED.

Dated: October 10, 2024          S_____
                                 **RUTH MILLER**
                                 United States Magistrate Judge